IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Albert Simuel,** | Case No. 1:25cv00277 |
| **Plaintiff,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **Don Williams, et al.,** | **MEMORANDUM OPINION AND ORDER** |
| **Defendants.** | |

*Pro se* plaintiff Albert Simuel filed this action against Attorney Don Williams, City View, Cleveland Clinic, Select Specialty, Canal Point, and Algart. (Doc. No. 1). Plaintiff also filed an application to proceed *in forma pauperis*. (Doc. No. 2). The Court grants the application, but for the following reasons, dismisses this action.

## I. Background

Plaintiff states that he hired Attorney Don Williams to assist him in filing a nursing home negligence and wrongful death lawsuit concerning his mother's treatment at a nursing facility and her ultimate death. In the complaint, Plaintiff expresses dissatisfaction with how Attorney Williams proceeded with this claim, contending that Attorney Williams was "moving like a snail … since 2023." (Doc. No. 1 at 7). Plaintiff asserts that he made several payments to Attorney Williams, but when Plaintiff learned that no complaint had been filed and the statute of limitations was nearly up, Plaintiff asked for a refund. (*Id.* at 4). Plaintiff contends that he attempted to find a new attorney, but no attorney would accept the case with only 30 days remaining before the statute of limitations expired. (*Id.* at 4-5, 8).

For relief, Plaintiff appears to request that this Court extend the statute of limitations for his wrongful death/nursing home negligence lawsuit. And he requests that his attorney fees be returned.

## II. Standard of Review

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The Court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### III. Law and Analysis

Federal courts are courts of limited jurisdiction and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Rather, federal courts have only the authority to decide cases that the Constitution and Congress empower them to resolve. *Id.* Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994) (internal citation omitted).

Generally, the Constitution and Congress have given federal courts authority to hear a case only where diversity of citizenship exists between the parties or where the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). The first type of federal jurisdiction, diversity of citizenship, applies to cases of sufficient value between "citizens of different states." 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, a plaintiff must establish that he or she is a citizen of one state and all of the defendants are citizens of others. The citizenship of a natural person equates to his domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir.1990). The second type of federal jurisdiction relies on the presence of a federal question. This type of jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983).

Plaintiff does not establish diversity of citizenship in this case. Plaintiff lists an Ohio address for himself but fails to provide addresses for any of the defendants. Plaintiff has therefore failed to meet his burden of establishing diversity as a basis for federal jurisdiction.

If federal jurisdiction exists in this case, it must be based on a claimed violation of federal law. In determining whether a claim arises under federal law, the Court looks only to the "well-pleaded allegations of the complaint and ignores potential defenses" the defendants may raise. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007). Here, even with the benefit of liberal construction that a *pro se* litigant enjoys, Plaintiff has failed to identify a federal question. The only discernible claim in this action is one of legal malpractice, which arises under state law, not federal law. And to the extent Plaintiff is attempting to bring an action for wrongful death or nursing home negligence, those claims are governed by state law as well. The Court therefore does not have subject matter jurisdiction based on a federal question.

### IV. Conclusion

Accordingly, the Court grants Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) and dismisses this action pursuant to 28 U.S.C. § 1915(e)(2). Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

    s/*Pamela A. Barker*
PAMELA A. BARKER
Date: April 17, 2025    U. S. DISTRICT JUDGE